UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH H. KARSTEDT, Derivatively on Behalf of NABORS INDUSTRIES LTD., | § § § | Civil Action No. 4:07-cv-00509 **(Consolidated)** |
| Plaintiff, | § § | |
| vs. | § § | |
| EUGENE M. ISENBERG, et al., | § § | |
| Defendants, | § § | |
| – and – | § § | |
| NABORS INDUSTRIES LTD., a Bermuda corporation, | § § § | |
| Nominal Defendant. | § § | |
| ———————————————— | § | |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement dated as of March 6, 2008 ("Stipulation"), is made and entered into by and among the following Settling Parties (as defined further in ¶ 1.17 hereof): (i) the Plaintiffs (as defined in ¶ 1.12) on behalf of themselves and derivatively on behalf of Nabors Industries Ltd. ("Nabors" or the "Company"), by and through their counsel of record in the above-captioned Action (as defined in ¶ 1.1); and (ii) the Defendants (as defined in ¶ 1.5), by and through their counsel of record in the Action.  The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined in ¶ 1.15), upon and subject to the terms and conditions hereof.

## I.     INTRODUCTION

On February 6, 2007 and March 5, 2007, Plaintiffs Kenneth Karstedt and Gail McKinney filed, respectively, Verified Shareholder Derivative Complaints against certain current and former directors and officers of Nabors for, *inter alia*, allegedly granting backdated stock options and for issuing false and misleading financial statements.

On March 20, 2007, the Court entered an order consolidating for all purposes the related actions into the "Action" and appointing Co-Lead Plaintiffs and Co-Lead Counsel for Plaintiffs.

On June 28, 2007, Plaintiffs filed their Consolidated Verified Shareholder Derivative Complaint against nominal defendant Nabors and Individual Defendants Eugene M. Isenberg, Anthony G. Petrello, Bruce P. Koch, Daniel McLachlin, Martin J. Whitman, Hans W. Schmidt, Myron M. Sheinfeld, James L. Payne, Alexander M. Knaster and Jack Wexler ("Defendants"). Generally, Plaintiffs alleged that Defendants awarded and caused others to receive numerous backdated (or otherwise mispriced) stock options over a multi-year period.  Plaintiffs further alleged that because these backdated options were not properly accounted for, the Company's financial filings were materially false and misleading for a multi-year period.

Beginning in June 2007, Plaintiffs, Nabors and the Individual Defendants engaged in extensive arm's-length settlement negotiations, including formal mediation sessions before the Honorable Deborah Hankinson, Justice of the Texas Supreme Court (Ret.) on August 29 and November 19-20, 2007.  On or about December 31, 2007, the parties executed a Memorandum of Understanding setting forth the agreement-in-principle reached by the Settling Parties.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Plaintiffs in the Action.  The Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Plaintiffs, Nabors or its shareholders have suffered damage, or that the Plaintiffs, Nabors or its shareholders were harmed by the conduct alleged in the Action.  The Defendants have further asserted that at all relevant times, they acted in good faith, and in a manner they reasonably believed to be in the best interests of Nabors and its shareholders.  In addition, Nabors has maintained that this Action may not proceed as a matter of applicable Bermuda law.

Nonetheless, the Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Defendants are entering into this Stipulation solely because the proposed settlement would eliminate the burden and expense of further litigation, and without admitting any wrongdoing or liability whatsoever.

## III.   CLAIMS OF THE PLAINTIFFS AND BENEFITS OF SETTLEMENT

The Plaintiffs believe that the claims asserted in the Action have merit.  However, counsel for the Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary

to prosecute the Action against the Defendants through trial and through appeals. Plaintiffs' Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially in complex stockholder litigation such as the Action, as well as the difficulties and delays inherent in such litigation. Plaintiffs' Counsel also are mindful of the inherent problems of proof and possible defenses to the claims asserted in the Action. Plaintiffs' Counsel believe that the settlement set forth in this Stipulation confers substantial benefits upon Nabors and its current shareholders ("Current Nabors Shareholders," as further defined in ¶ 1.4 hereof). Based on their evaluation, Plaintiffs' Counsel have determined that the settlement set forth in the Stipulation is in the best interests of the Plaintiffs, Nabors and Current Nabors Shareholders.

**IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiffs (for themselves and derivatively on behalf of Nabors) and the Defendants, by and through their respective counsel or attorneys of record, that, subject to all necessary court approvals, the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

**1.   Definitions**

As used in the Stipulation the following terms have the meanings specified below:

1.1   "Action" means the consolidated action captioned *Karstedt, et al. v. Isenberg, et al.*, Civil Action No. 4:07-CV-00509 (S.D. Tex.).

1.2   "Co-Lead Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP and The Weiser Law Firm, P.C.

1.3   "Court" means the United States District Court for the Southern District of Texas.

- 3 -

1.4    "Current Nabors Shareholder" or "Current Nabors Shareholders" means all record and beneficial owners of Nabors common stock as of March 6, 2008.

1.5    "Defendants" means the Individual Defendants and nominal party Nabors.

1.6    "Effective Date" means the first date by which all of the events and conditions specified in ¶6.1 of the Stipulation have been met and have occurred.

1.7    "Final" means the time when a Judgment that has not been reversed, vacated, or modified in any way is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review.  More specifically, it is that situation when: (1) either no appeal has been filed and the time has passed for any notice of appeal to be timely filed in the Action; or (2) an appeal has been filed and the court of appeals has either affirmed the Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (3) a higher court has granted further appellate review and that court has either affirmed the underlying Judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal.

1.8    "Individual Defendants" means Eugene M. Isenberg, Anthony G. Petrello, Bruce P. Koch, Daniel McLachlin, Martin J. Whitman, Hans W. Schmidt, Myron M. Sheinfeld, James L. Payne, Alexander M. Knaster and Jack Wexler.

1.9    "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.10    "Nabors" means Nabors Industries Ltd.

1.11    "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political

subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.12    "Plaintiffs" means Kenneth Karstedt and Gail McKinney.

1.13    "Plaintiffs' Counsel" means any counsel who have appeared on behalf of any Plaintiff in the Action.

1.14    "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, members, principals, agents, insurers, attorneys, accountants, legal representatives, predecessors, successors, parents, subsidiaries, divisions, assigns, spouses, heirs and related or affiliated entities.

1.15    "Released Claims" shall collectively mean all claims of relief (including "Unknown Claims" as defined in ¶1.18 hereof), or causes of action, known or unknown, that have been or could have been asserted in the Action by Plaintiffs, Nabors or any Current Nabors Shareholders derivatively on behalf of Nabors, against the Individual Defendants or the Released Persons arising out of or relating to the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were alleged or could have been alleged in the Action through the date of the settlement.

1.16    "Released Persons" means each and all of the Defendants and their Related Parties.

1.17    "Settling Parties" means, collectively, each of the Defendants and the Plaintiffs on behalf of themselves and Current Nabors Shareholders.

1.18    "Unknown Claims" means any Released Claim which any Plaintiff, Nabors or Current Nabors Shareholders do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, including claims which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement.  With respect to any and all Released Claims,

the Settling Parties stipulate and agree that, upon the Effective Date, the Plaintiffs and Nabors shall expressly waive and each of the Current Nabors Shareholders shall be deemed to have, and by operation of the Judgment shall have, expressly waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.*

Upon the Effective Date, the Plaintiffs and Nabors shall expressly waive, and each of the Current Nabors Shareholders shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any jurisdiction or any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Each of the Plaintiffs, Nabors and Current Nabors Shareholders may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, each Plaintiff and Nabors shall expressly settle and release, and each Current Nabors Shareholder, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Current Nabors Shareholders shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the settlement of which this release is a part.

- 6 -

**2.      Settlement of the Action**

2.1      Defendants acknowledge that the pendency and prosecution of the Action were material factors in the corporate governance enhancements implemented, begun to be implemented, continued to be implemented, or agreed to be implemented, including, but not limited to, revisions to the Company's stock option/restricted stock award policy and Compensation Committee charter as described in Exhibit C hereto.

**3.      Settlement Procedure**

3.1      Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation and its Exhibits to the Court and apply for an order substantially in the form of Exhibit A hereto, requesting preliminary approval of the settlement set forth in the Stipulation.

3.2      Plaintiffs will also move the Court to approve notice to Current Nabors Shareholders in a Form 8-K to be filed by Nabors with the Securities and Exchange Commission and issuance by Nabors of a press release informing shareholders of the Notice.

3.3      Plaintiffs will request that after notice is provided, the Court hold a hearing (the "Settlement Hearing") and approve the settlement of the Action as set forth herein.  At or after the Settlement Hearing, Plaintiffs will also request the Court to approve payment of Plaintiffs' Counsel's attorneys' fees and expenses in the amount negotiated by the parties following negotiation of the Corporate Governance Reforms.

**4.      Releases**

4.1      Upon the Effective Date, as defined in ¶1.6, Defendants and the Plaintiffs (acting on their own behalf and, derivatively on behalf of Nabors) and each of the Current Nabors Shareholders shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims against the Released Persons and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with the defense,

settlement or resolution of the Action against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

4.2     Upon the Effective Date, as defined in ¶1.6, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

## 5.     Plaintiffs' Counsel's Attorneys' Fees and Expenses

5.1     After negotiating the terms of the settlement, Nabors and Plaintiffs negotiated the attorneys' fees that Nabors would pay to Co-Lead Counsel for Plaintiffs. Nabors has agreed to pay up to the sum of $2,850,000 to Co-Lead Counsel for Plaintiffs for their fees and expenses, subject to Court approval of the Settling Parties' agreement (the "Fee Award"). Within five (5) business days of issuance of an Order by the Court preliminarily approving the settlement, Nabors will pay the Fee Award to Coughlin Stoia Geller Rudman & Robbins LLP, as receiving agent for all Plaintiffs' Counsel. This amount shall be held in a separate client trust account as *custodia legis*, subject to further Order of the Court, and subject to Plaintiffs' Counsel's joint and several obligation to make appropriate refunds or repayments of the principal amount and any accrued interest if and when, as a result of any further Order of the Court, appeal, further proceedings or remand, or successful collateral attack the settlement is not approved. If the Court enters an Order awarding Plaintiffs' Counsel fees and expenses less than $2,850,000, Plaintiffs' Counsel will return the difference to Nabors within seven (7) calendar days of the entry of such Order. Coughlin Stoia Geller Rudman &

Robbins LLP shall be responsible for the allocation of such fees and expenses to Plaintiffs' Counsel, based upon each counsel's contribution to the initiation, prosecution and/or resolution of the Action.

5.2    Any order or proceeding relating solely to an award of attorneys' fees and expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall have no effect on the settlement and shall not operate to terminate or cancel this Stipulation or to affect or delay the finality of the Judgment approving this Stipulation.  The Settling Parties agree that the actual fee and expense award to be determined by the Court is not a settlement term and will not be grounds for terminating the settlement.

### 6.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination

6.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    Nabors has paid the Fee Award, or such lesser amount ordered by the Court;

(b)    the Court has entered the Judgment; and

(c)    the Judgment has become Final.

6.2    If any of the conditions specified in ¶6.1 are not met, then the Stipulation shall be canceled and terminated subject to ¶6.3 unless Plaintiffs' Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

6.3    If for any reason the Effective Date of the Stipulation does not occur, or if the Stipulation is in any way canceled or terminated or if any rulings in the Action related to the Stipulation are successfully attacked collaterally, the Fee Award shall be returned to Nabors within seven (7) calendar days of said event.

### 7.    Miscellaneous Provisions

7.1    The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and

implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

7.2     The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Action. The settlement compromises claims which are contested and shall not be deemed an admission by any of the Settling Parties as to the merits of any claim, allegation or defense. Plaintiffs and Defendants further agree that the claims are being settled voluntarily after consultation with competent legal counsel. The Settling Parties will jointly request that the Judgment contain a finding that during the course of the litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, Rule 13 of the Texas Rules of Civil Procedure and Chapter 10 of the Texas Civil Practice and Remedies Code and all other similar laws.

7.3     Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, jurisdiction over, fault, wrongdoing or liability of the Defendants or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other Person in any other actions or proceedings, whether civil, criminal or administrative. Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

7.4     The Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

- 10 -

7.5     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

7.6     This Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties or inducements have been made to any Settling Party concerning the Stipulation or any of its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each of the Settling Parties shall bear their own costs.

7.7     Co-Lead Counsel, derivatively on behalf of Nabors,  are expressly authorized by the Plaintiffs to take all appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms and also are expressly authorized by the Plaintiffs to enter into any modifications or amendments to the Stipulation which they deem appropriate on behalf of the Plaintiffs.

7.8     Each counsel or other Person executing the Stipulation or its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so on behalf of that Settling Party.  Moreover, each Settling Party hereby warrants that such Person has the full authority to enter into this Stipulation.

7.9     The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of counterparts, either originally executed or copies thereof, shall be filed with the Court.

7.10    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and the Released Persons.

7.11    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and the Settling Parties submit to the jurisdiction of the Court solely for purposes of implementing and enforcing the settlement embodied in the Stipulation.

- 11 -

7.12    This Stipulation and the Exhibits attached hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Texas, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Texas without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the Settling Parties have caused the Stipulation to be executed by their duly authorized attorneys and dated as of March 6, 2008.

CROWLEY DOUGLAS & NORMAN, LLP
TIMOTHY J. CROWLEY (05170700)
RICHARD E. NORMAN (00788128)

RICHARD E. NORMAN

1301 McKinney Street, Suite 3500
Houston, TX  77010-3034
Telephone:  713/651-1771
713/651-1775 (fax)

Liaison Counsel


COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
TRAVIS E. DOWNS III
KATHLEEN A. HERKENHOFF
ELLEN GUSIKOFF STEWART
JAMES I. JACONETTE
BENNY C. GOODMAN III
MARY LYNNE CALKINS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

- 12 -

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
JOHN K. GRANT
SHAWN A. WILLIAMS
MONIQUE C. WINKLER
AELISH M. BAIG
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
121 N. Wayne Avenue, Suite 100
Wayne, PA  19087
Telephone:  610/225-2677
610/225-2678 (fax)

Co-Lead Counsel for Plaintiffs


WILSON SONSINI GOODRICH &
    ROSATI, P.C.
DOUGLAS J. CLARK
JEROME F. BIRN, JR.
GREGORY L. WATTS


_____
                    JEROME F. BIRN, JR.

650 Page Mill Road
Palo Alto, CA  94304
Telephone:  650/493-9300
650/493-6811 (fax)

Counsel for Nominal Defendant
Nabors Industries, Ltd.

SUSMAN GODFREY L.L.P.
H. LEE GODFREY
ERIC J. MAYER

_____
                    ERIC J. MAYER

1000 Louisiana Street, Suite 5700
Houston, TX 77002
Telephone: 713/651-9366
713/654-6666 (fax)

Counsel for Defendants Eugene M. Isenberg,
Hans W. Schmidt and Daniel McLachlin

STEPHEN E. KAUFMAN, P.C.
STEPHEN KAUFMAN
ANDREW KAUFMAN
237 Park Avenue
New York, NY 10172

Counsel for Defendant Eugene M. Isenberg

BERG & ANDROPHY
DAVID BERG
JEFFREY SEELY

_____
                    DAVID BERG

3704 Travis Street
Houston, TX 77002

Counsel for Defendant Anthony G. Petrollo

- 14 -

CLEARY GOTTLIEB STEEN & HAMILTON
LLP
LEWIS J. LIMAN


_____

LEWIS J. LIMAN

One Liberty Plaza
New York, NY  10006
Telephone:  212/225-2000
212/225/3999 (fax)

Counsel for Defendant Martin J. Whitman

GIBBS & BRUNS, L.L.P.
ROBIN C. GIBBS
JEAN C. FRIZZELL


_____

JEAN C. FRIZZELL

1100 Louisiana, Suite 5300
Houston, TX  77002

Counsel for Defendants Myron M. Sheinfeld and
Jack Wexler

- 15 -

CLEARY GOTTLIEB STEEN & HAMILTON LLP
LEWIS J. LIMAN

_____
LEWIS J. LIMAN

One Liberty Plaza
New York, NY 10006
Telephone: 212/225-2000
212/225/3999 (fax)

Counsel for Defendant Martin J. Whitman

GIBBS & BRUNS, L.L.P.
ROBIN C. GIBBS
JEAN C. FRIZZELL

_____
JEAN C. FRIZZELL

1100 Louisiana, Suite 5300
Houston, TX 77002

Counsel for Defendants Myron M. Sheinfeld and Jack Wexler

JONES DAY
PATRICIA J. VILLAREAL
MICHAEL L. DAVITT

2727 N. Harwood Street
Dallas, TX  75201

     --and--

GIDON M. CAINE
1755 Embarcadero Road
Palo Alto, CA  94303

_____
         GIDON M. CAINE

Counsel for Defendants James L. Payne and
Alexander M. Knaster


FULBRIGHT & JAWORSKI L.L.P.
GERARD G. PECHT
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:  713/651-5151
713/651-5246 (fax)

_____

         GERARD G. PECHT

Counsel for Defendant Bruce P. Koch

C:\NrPortbl\PALIB1\GLW\3300482_1.DOC

- 16 -

JONES DAY
PATRICIA J. VILLAREAL
MICHAEL L. DAVITT

_____
          PATRICIA J. VILLAREAL

2727 N. Harwood Street
Dallas, TX  75201

          --and--

GIDON M. CAINE
1755 Embarcadero Road
Palo Alto, CA  94303

Counsel for Defendants James L. Payne and
Alexander M. Knaster

FULBRIGHT & JAWORSKI L.L.P.
GERARD G. PECHT
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:  713/651-5151
713/651-5246 (fax)

_____
          GERARD G. PECHT

Counsel for Defendant Bruce P. Koch

C:\NrPortbl\PALIB1\GLW\3300482_1.DOC

- 16 -