UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH H. KARSTEDT, Derivatively on Behalf of NABORS INDUSTRIES LTD., | § § § | Civil Action No. 4:07-cv-00509 **(Consolidated)** |
| Plaintiff, | § § | |
| vs. | § § | |
| EUGENE M. ISENBERG, et al., | § § | |
| Defendants, | § § | |
| – and – | § § | |
| NABORS INDUSTRIES LTD., a Bermuda corporation, | § § § | |
| Nominal Defendant. | § § § | |

**ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT
AND PROVIDING FOR NOTICE**

**EXHIBIT A**

WHEREAS, the parties to the above-captioned action (the "Action") have made application, pursuant to Federal Rule of Civil Procedure 23.1, for an order (i) preliminarily approving the proposed settlement (the "Settlement") of the Action, in accordance with a Stipulation of Settlement dated as of March 6, 2008 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement and dismissal of the Action with prejudice, upon the terms and conditions set forth therein; and (ii) approving for dissemination of the Notice of Proposed Settlement of Derivative Action, Hearing Thereon, and Right to Appear (the "Notice"); and

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, the Court having considered the Stipulation and the Exhibits annexed thereto and having heard the arguments of the Settling Parties at the preliminary approval hearing:

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Action.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on  May 14 , 2008, at  10:00 a.m., at the United States District Court, Southern District of Texas, United States Courthouse, 515 Rusk Avenue, Houston, Texas to determine whether the Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to Nabors and Current Nabors Shareholders and should be approved by the Court; whether a Judgment as provided in ¶1.9 and Exhibit B of the Stipulation should be entered herein; and to approve the Fee Award.

3.      The Court approves, as to form and content, the Notice annexed as Exhibit A-1 hereto, and finds that the dissemination of the Notice substantially in the manner and form set forth in this Order, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Current Nabors Shareholders.

4.      Not later than seven (7) days following entry of this Order, Nabors shall cause a copy of the Notice substantially in the form annexed as Exhibit A-1 hereto to be filed with the Securities and Exchange Commission as a Current Report on Form 8-K and issue a press release informing Nabors' shareholders of the Notice.

5.      At least seven (7) days prior to the Settlement Hearing, Defendants' counsel shall serve on counsel for the Plaintiffs and file with the Court proof, by affidavit or declaration, of such filing and issuance.

6.      All Current Nabors Shareholders shall be bound by all orders, determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to any of them.

7.      Pending final determination of whether the Settlement should be approved, no Current Nabors Shareholders, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

8.      All papers in support of the Settlement and the award of attorneys' fees and expenses shall be filed with the Court and served at least twenty-one (21) days prior to the Settlement Hearing and any reply briefs will be filed by Plaintiffs' Counsel seven (7) calendar days prior to the Settlement Hearing.

9.      Any Current Nabors Shareholder may appear and show cause, if he, she or it has any, why the Settlement of the Action should not be approved as fair, reasonable and adequate, or why a

Judgment should not be entered thereon, or why the Fee Award should not be approved; provided,

however, unless otherwise ordered by the Court, no Current Nabors Shareholder shall be heard or

entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the

Judgment to be entered thereon approving the same, or the Fee Award unless that Person has, at least

fourteen (14) days prior to the Settlement Hearing, filed with the Clerk of the Court and served on

the following counsel (delivered by hand or sent by first class mail) appropriate proof of stock

ownership, along with written objections, including the basis therefore, and copies of any papers and

briefs in support thereof:

> Ellen Gusikoff Stewart
> COUGHLIN STOIA GELLER
>  RUDMAN & ROBBINS LLP
> 655 West Broadway, Suite 1900
> San Diego, CA  92101-3301

> **Counsel for Plaintiffs**

> Jerome F. Birn, Jr.
> WILSON SONSINI GOODRICH &
>  ROSATI, P.C.
> 650 Page Mill Road
> Palo Alto, CA  94304-1050

> **Counsel for Nominal Defendant Nabors**

Counsel for Nabors shall forward any written objections he receives to counsel for the other

defendants.  The written objections and copies of any papers and briefs in support thereof to be filed

in Court shall be delivered by hand or sent by first class mail to:

> Clerk of the Court
> UNITED STATES DISTRICT COURT
> Southern District of Texas, Houston Division
> 515 Rusk Avenue
> Houston, TX 77002

Every objection must contain: (1) the objector's name, address and phone number; (2) the number of

shares of Nabors common stock owned by the objector; (3) the date(s) of purchase(s) of such shares;

(4) a detailed statement of the basis of the objection; (5) any supporting papers, including all documents and writings that the objector desires the Court to consider; (6) the names of any witnesses the objector plans to call to testify at the Settlement Hearing and the topics of the witness(es)' likely testimony; and (7) a representation regarding whether the objector intends to appear at the Settlement Hearing. Any Current Nabors Shareholder who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Settlement as incorporated in the Stipulation and to the Fee Award, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

10.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any jurisdictional issue, fault, wrongdoing or liability of the Defendants or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal or administrative. Released Parties may file the Stipulation and/or a Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify

any other dates set forth herein without further notice to the Current Nabors Shareholders, and

retains jurisdiction to consider all further applications arising out of or connected with the

Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by

the Settling Parties, if appropriate, without further notice to the Current Nabors Shareholders.

IT IS SO ORDERED.

DATED: 3/13/08

THE HONORABLE DAVID HITTNER
UNITED STATES DISTRICT JUDGE

C:\NrPortbl\PALIB1\GLW\3300491_1.DOC

- 5 -