# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | |
|---|---|
| KENNETH H. KARSTEDT, Derivatively on Behalf of NABORS INDUSTRIES LTD., <br><br> Plaintiff, <br><br> vs. <br><br> EUGENE M. ISENBERG, et al., <br><br> Defendants, <br><br> – and – <br><br> NABORS INDUSTRIES LTD., a Bermuda corporation, <br><br> Nominal Defendant. | § Civil Action No. 4:07-cv-00509 <br> § **(Consolidated)** |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the order of this Court, dated March 13, 2008 ("Order"), on the application of the parties for approval of the proposed settlement ("Settlement") set forth in the Stipulation of Settlement dated as of March 6, 2008 (the "Stipulation"). Due and adequate notice having been given to current Nabors Industries Ltd. ("Nabors") shareholders as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all parties to the Action, including the Plaintiffs, Current Nabors Shareholders and the Defendants.

3. The Court finds that the Notice of Proposed Settlement of Derivative Action, Hearing Thereon, and Right to Appear (the "Notice") provided to Current Nabors Shareholders was the best notice practicable under the circumstances. The Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

4. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. As between Plaintiffs and Defendants, the

parties are to bear their own costs, except as otherwise provided in the Stipulation regarding the Fee Award.

5. The Court finds that the Stipulation and Settlement are fair, reasonable and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

6. Upon the Effective Date, as defined in the Stipulation, Nabors, Current Nabors Shareholders and the Plaintiffs (acting on their own behalf and, derivatively on behalf of Nabors) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims against the Released Persons and any and all causes of action or claims (including Unknown Claims) that have been or could have been asserted in the Action by Plaintiffs, Nabors or any Current Nabors Shareholders individually or derivatively on behalf of Nabors, against the Individual Defendants or the Released Persons arising out of or relating to the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were alleged or could have been alleged in the Action through the date of the Settlement. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

7. Upon the Effective Date, as defined in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall

have, fully, finally, and forever released, relinquished and discharged each and all of the Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

8. The Court hereby approves the Fee Award in accordance with the Stipulation and finds that such fee is fair and reasonable.

9. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Defendants; or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal or administrative. Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. During the course of the litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, Rule 13 of the Texas Rules of Civil Procedure and Chapter 10 of the Texas Civil Practice and Remedies Code and all other similar laws.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the Action and the parties to the Stipulation to enter any further orders as may be necessary to effectuate the Stipulation, the Settlement provided for therein and the provisions of this Judgment.

12. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58, Federal Rules of Civil Procedure.

OBJECTION FILED BY JOHN E. CALKINS IS OVERRULED.   D.H.

IT IS SO ORDERED.

DATED: May 14, 2008

_____
THE HONORABLE DAVID HITTNER
UNITED STATES DISTRICT JUDGE

S:\Settlement\Nabors Deriv.set\ORD JUDG 00050826.doc

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 23, 2008.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART
COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:      EllenG@csgrr.com

# Mailing Information for a Case 4:07-cv-00509

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **David H Berg**
  dberg@bafirm.com,jrivers@bafirm.com

- **Jerome F Birn , Jr**
  jbirn@wsgr.com

- **Gidon M Caine**
  gcaine@jonesday.com

- **Mary Lynne Calkins**
  mcalkins@csgrr.com

- **Robin C Gibbs**
  rgibbs@gibbs-bruns.com,jfrizzell@gibbs-bruns.com

- **Harry Lee Godfrey**
  lgodfrey@susmangodfrey.com,jwray@susmangodfrey.com

- **James I Jaconette**
  jamesj@csgrr.com,e_file_sd@csgrr.com

- **Eric Julian Mayer**
  emayer@susmangodfrey.com

- **Richard Eugene Norman**
  rnorman@crowleynorman.com,cgillespie@crowleynorman.com

- **Gerard G Pecht**
  gpecht@fulbright.com,amorgan@fulbright.com,danderson@fulbright.com,dvansusteren@fulbrigh

- **Robert Sabre Safi**
  rsafi@susmangodfrey.com

- **Ellen Gusikoff Stewart**
  elleng@csgrr.com

- **Ashley Brooke Vinson**
  abvinson@wsgr.com,lbeltran@wsgr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into

your word processing program in order to create notices or labels for these recipients.

**Douglas J. Clark**
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304

**Stephen E Kaufman**
Attorney at Law
277 Park Ave
47th Fl
New York, NY 10172

**Lewis J Liman**
Cleary Gottieb et al
One Liberty Plz
New York, NY 10006

**Alexander Solomon**
Cleary Gottlieb et al
One Liberty Plaza
New York, NY 10006

**Brett Stecker**
The Weiser Law Firm, P.C.
121 N. Wayne Ave.
Suite 100
Wayne, PA 19087

**Gregory L. Watts**
Wilson Sonsini et al
650 Page Mill Road
Palo Alto, CA 94304

**Robert B Weiser**
The Weiser Law Firm, P.C.
121 N. Wayne Ave.
Suite 100
Wayne, PA 19087

Manual Service List
*Karstedt v. Isenberg, et al. and Nabors Industries Ltd.*
Case 4:07-cv-00509

Shawn A. Williams
Aelish M. Baig
Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

John E. Calkins
80 Elk Ranch Park Rd.
Elkton, MD 21921